**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1557**

APOLINAR GOMEZ-SALGADO,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 16, 2019                                        Decided: February 1, 2019

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition dismissed by unpublished per curiam opinion.

Mark J. Devine, Charleston, South Carolina, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Carl H. McIntyre, Assistant Director, Justin R. Markel, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Apolinar Gomez-Salgado, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals denying his motion to remand and dismissing his appeal from the Immigration Judge's denial of cancellation of removal. We dismiss the petition for review for lack of jurisdiction.[*] *See Sorcia v. Holder*, 643 F.3d 117, 124 (4th Cir. 2011) (holding that, because cancellation of removal is form of relief that lies within discretion of Attorney General, with exception of "constitutional claims or questions of law raised [in] a petition for review," we lack jurisdiction to review agency's denial of such relief (quoting 8 U.S.C. § 1252(a)(2)(D))); *Obioha v. Gonzales*, 431 F.3d 400, 407 (4th Cir. 2005) ("[B]ecause the [Board] made a discretionary decision on the merits of [a cancellation of removal claim], the fact that it did so through denying a motion to reopen did not save appellate jurisdiction."). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*

---

[*] We conclude that Gomez-Salgado raises no colorable questions of law or constitutional claims that fall within the jurisdictional exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2012).